## Bradford Howland et al. versus Luther Wilson et al. and Furman R. Whitwell, Trustee.

One summoned as trustee in a process of foreign attachment, disclosed that A. gave him an absolute bill of sale of part of a ship, then and ever since at sea; that no money was paid, but it was verbally agreed that the price should go towards the discharge of debts due from A. and his partner B., to the respondent ; that afterward B. gave the respondent a note to the amount of all his demands, and he thereupon gave B. a receipt, acknowledging that such note was in full discharge of all debts due to him from A. and B.; that B. at the same time gave the respondent an absolute bill of sale of personal property, to be applied towards the payment of B.'s note, and a mortgage of real estate which was not sufficient to pay the balance; and that A. made a second bill of sale of the same part of the ship to the plaintiffs *Held,* that the respondent was not chargeable as the trustee of B.; but that he might be charged as the trustee of A. in regard to the ship, if the plaintiffs would relinquish their bill of sale

From the answers of Whitwell it appeared, that on April 4th, 1829, he received of Luther T. Wilson, one of the defendants, a bill of sale of three eighths of the brig Mentor ; that this was an absolute purchase, for which he promised verbally to pay Luther T. the sum of $2000 ; that no money was paid at the time nor since, as Luther T. and his father Luther Wilson, who were partners, were and still are indebted to the respondent in a much larger sum than $2000 ; that on May 7th, 1829, Luther Wilson mortgaged to the respondent certain real estate to secure the payment of a note, dated on that day, for $7500, and given by Luther Wilson to the respondent ; that the notes of the Wilsons indorsed by the re-

---

[1] See *White* v. *Snell*, 5 Pick. 425 ; *Blight* v. *Ashley*, 1 Peters's Cir. C. R. 25.

spondent, and the money they owed him, amounted at the time of the mortgage to a little more than $7500, and the respondent then gave to Luther Wilson an instrument as follows : — " May 7th, 1829. Received of Luther Wilson his note of hand for 7500 dollars, which is in full discharge of all notes given me by said Wilson and son, and also of all indorsements of notes for them to this date ;" — that on the 28th of July, 1829, the respondent received from Luther Wilson a bill of sale of five eighths of the brig Mentor, which was an absolute purchase, for $3000, and a bill of sale of one fourth of the brig Triton, for $1000, and it was agreed that the respondent should take up certain obligations of Luther and Luther T., and after deducting the amount he should so pay for them and the amount of certain money lent them, the balance of the two sums last mentioned was to be indorsed on the note ; that after the commencement of the September term of the Court of Common Pleas, to which the writ was returnable, this balance, being $3165, was indorsed under date of July 28th, 1829, upon the note for $7500, leaving due upon it a balance of more than $4000 — from which is to be deducted the sum of $2000, the purchase money of the three eighths of the Mentor, that being the understanding between the respondent and Luther T. Wilson ; that there was no indorsement of this sum of $2000 on the note for $7500, but the respondent claimed to have so much of the note set off against Luther T. Wilson's demand, as both of the Wilsons were insolvent, and the real estate mortgaged was insufficient to pay the balance due on the note ; that at the time of the execution of the bill of sale by Luther T. of three eighths of the brig Mentor, she was and ever since has been, at sea, and the respondent has never obtained possession of her ; that since the execution of that bill of sale, the respondent has been informed by the plaintiffs that they have a subsequent bill of sale from Luther T. of the same three eighths of the Mentor, and that since the service of the writ, the respondent has seen such bill of sale The respondent stated also, that he commenced an action against the Wilsons on a note for $900, given by them to Sheffield Reed and indorsed to the respondent ; that he purchased the note of Reed ; that Reed owed him some money,

Howland
*v.*
Wilson
and Tr.

and he paid Reed the difference ; that he believed his writ was dated on the 28th of July ; that he attached the property of the Wilsons on that day, and other creditors attached on the same day ; and that the Wilsons are reputed to be insolvent.

*Oct 22d.*

*Bassett* and *Warren,* for the plaintiff. The respondent is to be charged as the trustee of Luther T. Wilson, because the sale of three eighths of the brig Mentor was fraudulent as against creditors. The brig is still at sea, but the sale is complete by the delivery of the bill of sale, and the property changed. *Gardner* v. *Howland,* 2 Pick. 599. If the sale was fraudulent, this is the proper process to secure the property for creditors. *Burlingame* v. *Bell,* 16 Mass. R. 318.

The sale was void originally for want of consideration. But if not, the transactions of May 7th, by which the respondent substituted the note and mortgage from Luther Wilson for all demands which he had against Luther Wilson and Luther T. Wilson, not only discharged the latter from all demands which the respondent had against him, but of course from all securities given for those demands. The respondent now claims to retain the sum of $ 2000 in part payment of the note for $7500, but that note creates no demand against Luther T. Wilson.

The plaintiffs, by taking a subsequent bill of sale of part of the Mentor, have not waived their right to make use of the trustee process, for they were ignorant of the prior transfer ; and the respondent cannot be injured, as by this process the plaintiffs fix the property in his hands, and this will be a defence against any claim under their bill of sale.

On the 28th of July, when the Wilsons were in failing circumstances, bills of sale were given by Luther Wilson to the respondent, of parts of two vessels, which parts were valued at $ 4000. The respondent verbally agreed to give that sum, to pay with it certain demands which were then mentioned, and to indorse the balance on the note for $ 7500. The balance might have been ascertained immediately, but the indorsement was not made till September 14th. This sale was void as against creditors. *Thomas* v. *Goodwin,* 12 Mass. R. 141. If a debtor parts with his property without receiving the value of it, the sale is void as to creditors, because the fund out of which they should be paid is lessened ; and if the debtor

makes a contract with his grantee which he has no means of enforcing, the same consequences result to the creditor.

*L. Williams* and *Spooner*, for the respondent.

*Per Curiam.* The respondent has discharged himself, so far as relates to Luther Wilson.

As it respects Luther T. Wilson, he would be trustee, were it not for the suggestion that the sale to the respondent of three eighths of the Mentor was fraudulent and void, and that the property has not come into the respondent's possession, and so any one might attach it. But there is nothing to show that the sale was fraudulent. It does not follow that the sale was fraudulent because no money was paid at the time.

Perhaps the plaintiffs should make their election either to hold the respondent as trustee, or to set up their own bill of sale. If they give up their bill of sale, they will be entitled to hold the respondent for the $2000.

*Note.* The plaintiffs relinquished their bill of sale, and the respondent was charged as trustee for three eighths of the brig Mentor.